# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILHELM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEANNIE WOODFORD,<br><br>　　　　Defendant. | Case No. 1:12-cv-00386-AWI-SAB<br><br>ORDER SCREENING FIRST AMENDED COMPLAINT AND DISMISSING PLAINTIFF'S CLAIMS, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>ECF NO. 15 |

**I.**

**INTRODUCTION**

Plaintiff Steve Wilhelm ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original complaint in this action on March 14, 2012. (ECF No. 1.) Before the Court screened the original complaint, Plaintiff filed a First Amended Complaint on July 22, 2013. (ECF No. 15.)

For the reasons set forth below, the Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims. The Court will dismiss Plaintiff's claims, with leave to amend.

/ / /

/ / /

/ / /

1

## II.

## SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## PLAINTIFF'S COMPLAINT

The events described in Plaintiff's First Amended Complaint took place while Plaintiff was incarcerated at Wasco State Prison ("Wasco"), Lancaster State Prison ("Lancaster") and

Corcoran State Prison ("Corcoran"). Plaintiff names "John Doe," otherwise identified as the "Director of CDCR," as the only defendant in this action.

Plaintiff contends that "John Doe" is responsible for all rules, regulations and policies applicable at all California prison institutions. (First Am. Compl. 5.[1]) Plaintiff alleges that, while incarcerated at Wasco and Lancaster, the applicable rules and regulations approved by "John Doe" allowed inmates to smoke tobacco products. (First Am. Compl. 6.) Plaintiff further contends that at every cell he was housed in, Plaintiff's "cellie" smoked, exposing Plaintiff to second hand smoke. (First Am. Compl. 6.) Plaintiff further alleges that the cells had inadequate ventilation. (First Am. Compl. 6.) Plaintiff requested a non-smoking cell numerous times, but was never moved. (First Am. Compl. 6.)

While incarcerated at Corcoran, Plaintiff was housed in "C-Section of Building 3," where the exhaust fans did not work, causing dust and dirt to blow into the cells. (First Am. Compl. 6.) Plaintiff alleges that the second hand smoke and poor air quality caused Plaintiff to contract emphysema and chronic bronchitis. (First Am. Compl. 7.)

### IV.

### DISCUSSION

Plaintiff contends that his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause were violated. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted). Second, "a prison official must have a 'sufficiently culpable state of mind.' [Citations.] In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." Id. A prison official acts with "deliberate indifference" if:

///

---

[1] Citations to pages in Plaintiff's First Amended Complaint will refer to the page numbers as electronically filed in PDF format, rather than the page numbers appearing on the bottom of each page because the page numbering provided by Plaintiff is inconsistent throughout the document.

> the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837.

Plaintiff fails to state any claims against "John Doe" because Plaintiff fails to allege facts that plausibly support the conclusion that "John Doe" had actual knowledge of a substantial risk of serious harm. Plaintiff alleges that "John Doe" approved or acceded to prison policies allowing inmates to smoke tobacco products and knew generally that two inmates were likely to be housed in a single cell. These facts do not plausibly support the conclusion that "John Doe" was aware of a substantial risk of serious harm to Plaintiff, particularly in light of his position as director of CDCR. See Ashcroft v. Iqbal, 556 U.S. 662, 680-83 (2009) (conclusory allegations against high-ranking officials not entitled to presumption of truth). Plaintiff does not allege any facts that plausibly support his conclusion that the director of CDCR had personal involvement or actual awareness of a substantial risk of serious harm posed by Plaintiff's smoking cell mates or the condition of the exhaust fans at Corcoran. Plaintiff's allegation that the director of CDCR was generally aware that inmates were allowed to smoke tobacco products is not sufficient to support the conclusion that the director was aware that Plaintiff was being exposed to such excessive amounts of second hand smoke that it posed a substantial risk of serious harm.

Based upon the foregoing, Plaintiff's First Amended Complaint fails to state any cognizable claims against "John Doe" for the violation of Plaintiff's rights under the Eighth Amendment.

## V.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims. Plaintiff is granted leave to file a Second Amended Complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his Second Amended Complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's Second Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, any amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's First Amended Complaint, dated July 22, 2013, is dismissed for failure to state a claim upon which relief may be granted;
3. If Plaintiff wishes to amend, he must file a Second Amended Complaint within **thirty (30) days** from the date of service of this order; and
4. If Plaintiff fails to file a Second Amended Complaint, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **September 10, 2013**

UNITED STATES MAGISTRATE JUDGE

5