# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILHELM,<br><br>    Plaintiff,<br><br>    v.<br><br>JEANNIE WOODFORD,<br><br>    Defendant. | Case No. 1:12-cv-00386-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S SECOND AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>ECF NO. 28<br><br>OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

**I.**

**INTRODUCTION**

Plaintiff Steve Wilhelm ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original complaint in this action on March 14, 2012. (ECF No. 1.) Before the Court screened the original complaint, Plaintiff filed a First Amended Complaint on July 22, 2013. (ECF No. 15.) The Court screened Plaintiff's First Amended Complaint on September 10, 2013. (ECF No. 16.) This action proceeds on Plaintiff's Second Amended Complaint filed on November 19, 2013. (ECF No. 28.)

For the reasons set forth below, the Court finds that Plaintiff's Second Amended Complaint fails to state any cognizable claims.

///

## II.

## SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## PLAINTIFF'S COMPLAINT

The events described in Plaintiff's complaint took place while Plaintiff was incarcerated at Wasco State Prison ("Wasco"), Lancaster State Prison ("Lancaster") and Corcoran State

1  Prison ("Corcoran"). Plaintiff names John Doe, "Director of CDCR," as defendant in this action.

2  Defendant alleges that CDCR rules and regulations in effect while Plaintiff was housed at
3  Wasco and Lancaster between 1999 and 2006 permitted prisoners to purchase and receive
4  cigarettes. Plaintiff contends that his cellmates smoked, causing Plaintiff to be exposed to
5  second-hand smoke. Plaintiff also alleges that while at Corcoran, the exhaust fan did not work,
6  causing dust and dirt to blow into Plaintiff's cell. Plaintiff contends he has emphysema and
7  chronic bronchitis from the exposure to bad air.

## IV.

## DISCUSSION

### A. Eighth Amendment Claim

Plaintiff contends that his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause were violated. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted). Second, "a prison official must have a 'sufficiently culpable state of mind.' [Citations.] In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." Id. A prison official acts with "deliberate indifference" if:

> the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837.

Plaintiff fails to state any claims against "John Doe" because Plaintiff fails to allege facts that plausibly support the conclusion that "John Doe" had actual knowledge of a substantial risk of serious harm. Plaintiff alleges that "John Doe" approved or acceded to prison policies allowing inmates to smoke tobacco products and knew generally that two inmates were likely to be housed in a single cell. These facts do not plausibly support the conclusion that "John Doe"

was aware of a substantial risk of serious harm to Plaintiff, particularly in light of his position as director of CDCR.  See Ashcroft v. Iqbal, 556 U.S. 662, 680-83 (2009) (conclusory allegations against high-ranking officials not entitled to presumption of truth).  Plaintiff's allegation that the director of CDCR was generally aware that inmates were allowed to smoke tobacco products is not sufficient to support the conclusion that the director was aware that Plaintiff was being exposed to such excessive amounts of second hand smoke that it posed a substantial risk of serious harm.  Even assuming "John Doe" was aware that second hand smoke exposure was generally unhealthy, the facts alleged do not plausibly support the conclusion that "John Doe" believed that the risk of harm was so serious and substantial that it rose to the level of an Eighth Amendment violation.

Based upon the foregoing, Plaintiff's Second Amended Complaint fails to state any cognizable claims against "John Doe" for the violation of Plaintiff's rights under the Eighth Amendment.

### B. Dismissal Without Leave to Amend

Generally, leave to amend a dismissed complaint should be granted if it appears at all possible that the plaintiff can correct the defects in the complaint.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  However, leave to amend may be denied when a plaintiff was previously notified of the deficiencies in his claims but did not cure them.  See Chodos v. West Publishing Co., 292 F.3d 992, 1003 (9th Cir. 2002).

Here, Plaintiff was previously informed of the deficiencies in his claims and his Second Amended Complaint failed to cure them.  Accordingly, the Court will recommend dismissal of Plaintiff's Second Amended Complaint without leave to amend.

## V.

## CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court finds that Plaintiff's Second Amended Complaint fails to state any cognizable claims.  Moreover, the Court finds that leave to amend should be denied because Plaintiff's claims cannot be cured by granting further leave to amend.

/ / /

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's Second Amended Complaint be DISMISSED, without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **January 15, 2014**

UNITED STATES MAGISTRATE JUDGE