UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILHELM,<br><br>     Plaintiff,<br><br>     v.<br><br>JEANNIE WOODFORD, et al.,<br><br>     Defendants. | Case No.: 1:12-cv-00386-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S THIRD MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 33] |

Plaintiff Steve Wilhelm is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's third motion for appointment of counsel, filed January 31, 2014.

As Plaintiff was previously advised, Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither consideration is

1

dispositive and they must be viewed together.  <u>Palmer,</u> 560 F.3d at 970 (citation and quotation marks omitted); <u>Wilborn</u>, 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances as the Court has recommended that the complaint be dismissed without leave to amend for failure to state a cognizable claim.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's  January 31, 2014 motion for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **February 4, 2014**

UNITED STATES MAGISTRATE JUDGE

2